UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES R. FISHER, JR.,

                              Plaintiff,

v.                                            9:13-CV-0213
                                             (LEK/TWD)

FAY JENKS, DAVID M. LAYING,
RYAN H. POLNIAK,

                              Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

JAMES R. FISHER, JR., 13-A-1445
Plaintiff pro se
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

SUGARMAN LAW FIRM LLP                      PAUL V. MULLIN, ESQ.
Counsel for Defendants
211 West Jefferson Street
Syracuse, New York 13202

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

# REPORT-RECOMMENDATION

       This pro se civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff James R. Fisher, Jr., alleges that Defendants subjected him to excessive force during an arrest. (Dkt. No. 1.) Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 12.) For the

reasons that follow, I recommend that Defendants' motion be granted in part and that Defendants be directed to respond to Plaintiff's Fourth Amendment excessive force claim.

## I. BACKGROUND

The following facts are derived from the face of the complaint and are accepted as true for the purposes of deciding the pending motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff was arrested by "one of the"[1] Defendants at approximately 1:20 a.m. on January 9, 2013. (Dkt. No. 1 at 4.) Defendants then "roughly pushed" and "manhandled" Plaintiff into the police station while making disrespectful and degrading comments. *Id.* Once Plaintiff was inside the police station, Defendant Sergeant Fay B. Jenks threw Plaintiff into a wall. *Id.* at 4-5. Plaintiff did not resist Defendants at any time. *Id.* at 5. As a result of Defendants' actions, Plaintiff suffered severe pain and swelling that lasted approximately two weeks as well as bruises on his arms and a cut on his right knee. *Id.*

Plaintiff filed the complaint in this action on February 26, 2013. (Dkt. No. 1.) The complaint includes only one cause of action, in which Plaintiff alleges that Defendants violated his rights under the Eighth Amendment. *Id.* at 6. Defendants now move to dismiss the complaint. (Dkt. No. 12.) Plaintiff has not opposed the motion.

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.

---

[1] The complaint does not specify which Defendant arrested Plaintiff.

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

#### A. Eighth Amendment Claim

The only claim explicitly asserted in the complaint is that Defendants violated Plaintiff's

3

Eighth Amendment rights. (Dkt. No. 1 at 6.) Defendants argue that the Eighth Amendment claim should be dismissed because Plaintiff was not a convicted prisoner at the time of the incident of which he complains. (Dkt. No. 12-1 ¶ 6.) Defendants are correct. The "Eighth Amendment applies only to claims of cruel and unusual punishment imposed on an individual after he or she has been convicted of a crime." *Younger v. City of New York*, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007). Here, Plaintiff alleges excessive force used during the course of an arrest rather than force used after he was convicted of a crime. Therefore, I recommend that the Court dismiss Plaintiff's Eighth Amendment claim.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Here, better pleading could not cure the defect with Plaintiff's Eighth Amendment claim. Therefore, I recommend that the Court dismiss the claim without leave to amend.

### B. Fourth Amendment Claim

As discussed above, the complaint explicitly asserts only an Eighth Amendment claim, which should be dismissed without leave to amend. If the complaint had been drafted by counsel, dismissal of this action in its entirety would be appropriate. However, the complaint was not drafted by counsel. Rather, it was drafted by Plaintiff, who is proceeding without the benefit of an attorney. "Implicit in the right of self-representation is an obligation on the part of the court to

make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). As noted above, courts are "obligated to construe a pro se complaint liberally." *Harris*, 572 F.3d at 72 (citation omitted). In doing so, courts must interpret a pro se plaintiff's claims as raising the strongest arguments they suggest. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). This duty requires courts to read arguments into pro se complaints that are not explicitly stated on the complaint's face, so long as those arguments are "suggested" in the complaint. *Id.* at 475-76. Here, the complaint alleges that Defendants used excessive force on Plaintiff to effectuate an arrest. Such claims are governed by the Fourth Amendment. *Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985) (claim of excessive force to effect arrest analyzed under a Fourth Amendment standard). Thus, this Court must interpret the complaint as including a Fourth Amendment claim. Defendants have not addressed this claim.

The complaint pleads sufficient facts to survive a sua sponte review of the Fourth Amendment claim.[2] "When determining whether police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the use of force is objectively reasonable 'in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation.'" *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)) (punctuation omitted). Among the most relevant facts and circumstances are (1) the severity of the crime allegedly committed; (2) the threat of danger to the officer and society; and (3) whether the suspect was

---

[2] The Court expresses no opinion regarding whether the complaint pleads the Fourth Amendment claim sufficiently well to survive a motion for judgment on the pleadings or a motion for summary judgment.

resisting or attempting to evade arrest. *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999). Here, Plaintiff alleges that Defendants used force on him despite the fact that he did not resist them at any point. (Dkt. No. 1 at 5.) For the purposes of this sua sponte review, this allegation is sufficient to plausibly suggest that Defendants used unreasonable force. Therefore, I recommend that the Court direct Defendants to respond to Plaintiff's Fourth Amendment excessive force claim.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 12) be **GRANTED IN PART**. It is recommended that the Court dismiss Plaintiff's Eighth Amendment excessive force claim without leave to amend. It is further recommended that Defendants be directed to respond to Plaintiff's Fourth Amendment excessive force claim.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: January 9, 2014
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge